Dear Mr. Sloan:
As the Parker City Attorney and on behalf of the Parker City Council, you ask substantially the following question:
Is a referendum required to approve an amendment to the city charter that would require candidates seeking election to the city council to designate which council seat they are seeking to fill prior to the election?
In sum:
A referendum is required to approve an amendment to the city charter that would require candidates seeking election to the city council to designate which council seat they are seeking to fill prior to the election.
You state that the City of Parker was created by special act of the Legislature in 1967.[1] Pursuant to section 3(2) of the charter, the city council is composed of a mayor and four city council members. The four council members "shall be elected by a plurality vote of the qualified electors."[2] The charter further provides:
"If there are two (2) seats to be filled by city councilmen, the two (2) candidates for that office receiving the two (2) highest number of votes shall be declared elected. If there are three (3) seats to be filled, the three (3) candidates receiving the three (3) highest number of votes shall be declared elected; and so on. There shall be a runoff only in case of a tie in which the winners cannot be determined and then such runoff will be only between those two (2) tieing."[3]
You further state that in 2004, the city council enacted Ordinance 04-296 which amended section 3(2) of the charter to designate the seats to be held by the four city council members as Seat 1, Seat 2, Seat 3, and Seat 4. The manner of the election of the council members, however, remained unchanged.[4] Thus, while the charter, as amended, designates the respective charter seats, the charter still requires that in any given election, the open seats are to be filled by an equal number of candidates receiving the highest number of votes in the election rather than running for a particular council seat.
According to your letter, however, the city council has been considering amending the charter to require candidates to designate a particular council seat they are seeking prior to the election. Such an action would require that if there are two seats to be filled at an election, a candidate must declare which of the two seats he or she seeks to fill rather than the seats being filled by the two candidates receiving the highest number of votes in the election. The question has arisen as to whether such a charter amendment requires approval by the electorate. You have expressed your opinion that approval by referendum is required. I concur in such a conclusion.
Section 166.021(1), Florida Statutes, of the Municipal Home Rule Powers Act, provides that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." To implement this broad grant of home rule power to municipalities, section 166.021(4) and (5), Florida Statutes, modified, repealed, or converted into ordinances, many provisions of municipal charters which constituted limitations on, or related exclusively to, the power or jurisdiction of municipalities, in existence at the time of the adoption of the act. Section 166.021(4), Florida Statutes, however, provides that nothing in Chapter 166, Florida Statutes, is to be construed as permitting any changes in a special law or municipal charter which affect certain subject matters specifically mentioned therein, including "the terms of elected officers and the manner of their election" without referendum approval as provided in section 166.031, Florida Statutes.[5]
While municipal charter provisions adopted prior to the effective date of the Municipal Home Rule Powers Act, October 1, 1973, not affecting the areas specified in section 166.021(4), Florida Statutes, were either repealed or were converted into ordinances and are therefore subject to repeal or modification like other ordinances, this office has consistently concluded that any municipal charter provision adopted or readopted subsequent to that date may only be amended in accordance with section 166.031, Florida Statutes.[6] From the information provided to this office, however, it does not appear that the Parker city charter has been readopted since 1967. Thus, the requirement of a referendum is dependent upon whether the proposed charter amendment constitutes a change in the manner of election of the city council members.
The term "manner" is generally defined as the mode or method in which something is done, a mode of procedures.[7] This office has stated that the term refers to the procedure by which something is accomplished and, thus, the phrase "manner of their election" in section 166.021(4), Florida Statutes, includes all aspects of the procedure by which municipal officers are elected.[8] As you note, this office in Attorney General Opinion 78-32 concluded that a change from subdistrict residency requirements for city commissioners elected on a city-wide basis to single member districts constituted a change in the manner in which city commissioners are elected and thus was subject to the limitations prescribed by section 166.021(4), Florida Statutes, which requires approval by referendum of any change in a charter affecting the manner of election of municipal officers. Similarly, in Attorney General Opinion 78-61, this office concluded that a change in the charter to provide for the election of city commissioners from single-member district constituted a change in the manner of election of such officials within the meaning of section 166.021(4), and thus required approval by referendum.
More recently, this office in an informal opinion considered whether a municipality could create single member voting districts for the city commission by ordinance.[9] While the opinion recognized that section 166.021(4), Florida Statutes, preserves the manner of election of municipal officers as a part of the charter, and thus would not be subject to amendment or repeal by adoption of an ordinance alone, the charter under consideration specifically recognized the authority of the city commission to create such districts. Thus, this office concluded that the change to provide for single member districts was not a change in a charter provision, but rather the implementation of an existing charter provision which did not require referendum approval.
Nothing in the charter for the City of Parker, however, appears to currently provide for, or contemplate, such a change. Thus, an amendment of the city charter to require candidates to designate which seat on the city council they are running for prior to the election appears to alter the manner in which council members are elected. Such an amendment, therefore, would fall within the proscription of section 166.021(4), Florida Statutes, requiring that a change in the manner of election of elected municipal officers be approved by referendum of the electors as provided in section 166.031, Florida Statutes.
Accordingly, I am of the opinion that a referendum is required to approve an amendment to the city charter that would require candidates seeking election to the Parker City Council to designate which council seat they are seeking to fill prior to the election.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] See Ch. 67-1887, Laws of Fla.
[2] Section 3(2), Ch. 67-1887, Laws of Fla.
[3] Section 9(5), Ch. 67-1887, supra.
[4] Section 1 of Ordinance No. 04-296, added the following sentence to section 3(2) of the charter:
"The seats held by the four (4) city council members shall be designated as Seat 1, Seat 2, Seat 3 and Seat 4, with the initial designation of such seats to be made by the city council prior to the general municipal election in 2005."
[5] See s. 166.031(1), Fla. Stat., which provides:
"The governing body of a municipality may, by ordinance, . . . submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose."
[6] See Ops. Att'y Gen. Fla. 93-23 (1993) (charter amendment provision was nullified and repealed or converted to an ordinance by passage of Municipal Home Rule Powers Act and would have no effect upon amendments to city charter); 88-30 (1988) (charter amendment provisions in s. 166.031, Fla. Stat., prevail over conflicting provisions in a municipal charter); and 79-80 (1979) (city commission may not unilaterally amend its charter as it is bound by the provisions in s. 166.031, Fla. Stat.).
[7] See generally Black's Law DictionaryManner p. 1115 (rev. 4th ed. 1968) ("A way, mode, method of doing anything, or mode of proceeding"); Webster's Third New International DictionaryManner p. 1376 (unabridged ed. 1981) (the mode or method in which something is done or happens: a mode of procedure). Cf. DadeCounty v. Young Democratic Club of Dade County,104 So. 2d 636 (Fla. 1958), in which the Supreme Court of Florida interpreted the similar phrase "method of election."
[8] See, e.g., Op. Att'y Gen. Fla. 95-35 (1995).
[9] Informal Op. to Donald J. Banks, dated April 16, 1996.